UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-22388-CIV-GAYLES

OSMIN A. MORALES,
     Plaintiff,

v.

UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION, et al.,
     Defendants.

_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiff Dr. Osmin A. Morales respectfully requests the Court deny Defendants' Motion

to Stay Discovery.

**BACKGROUND**

Plaintiff is a highly regarded physician licensed to practice medicine in the State of

Florida for over twenty-three years.  He brought this action for declaratory judgment, permanent

injunctive relief, compensatory and punitive damages to remedy Defendants' wrongdoing in

forcing Plaintiff to give up his DEA license to prescribe controlled substances.

On November 18, 2000, Defendants JESSENIA DIAZ, NICOLAS O. D'ARPINO and

another unknown DEA Diversion Investigator or DEA Special Agent (DEFENDANT JOHN

DOE) arrived at Plaintiff's house and accused him of criminal wrongdoing. They threatened to

arrest Plaintiff unless he signed a voluntary surrender of his DEA registration certificate and

gave up his valuable property right to prescribe controlled substances. Defendants coerced

Plaintiff into surrendering his ability to prescribe controlled substances by the use of

intimidation, false statements and threats.

Plaintiff filed this action seeking the Court's help in forcing the Government to give him back his DEA registration certificate and ability to prescribe controlled substances.

## HARM AND PREJUDICE

Each week that passes since November 18, 2000, Plaintiff suffers great measurable harm. Initially, Plaintiff lost dozens of patients who left his care to seek treatment from other physicians with the ability to prescribe controlled substances. For those patients who remained, Plaintiff had to hire and pay other physicians who could prescribe controlled substances as needed. Plaintiff's financial losses continue to mount as does the harm to his practice. Plaintiff continues to pay the substitute physicians. Plaintiff loses the revenue from the lost patients. As more time passes, the patients who migrated to other physicians are less and less likely to ever return to Plaintiff's care. Plaintiff may never be able to rebuild his practice, the one which took twenty-three years to create. The only thing which can stop the bleeding is allowing discovery to proceed so this claim can be swiftly adjudicated.

## ARGUMENT AND LAW

### I.    SOVEREIGN IMMUNITY CAN ONLY BE PLEAD AS AFFIRMATIVE DEFENSE IN DEFENDANTS' ANSWER

Defendants incorrectly claim that there is good cause to stay discovery because their motion to dismiss asserts a facial attack on this Court's subject matter jurisdiction. Defs.' Mot. to Stay Disc. 3. Defendants argue because Plaintiff failed to plead a waiver of sovereign immunity, that Counts I and III of Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. *Id*.

This argument has been rebutted in Plaintiff's Memorandum in Opposition to Defendants' Motions to Dismiss. ECF No. 18. Sovereign immunity is an affirmative defense,

and as a result, it may only be raised in a motion to dismiss where facts establishing the defense are apparent on the face of a complaint. *Garcia-Bengochea v. Carnival Corporation,* 407 F.Supp.3d 1281, 1287-88 (citing *Quiller v. Barclays American/Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir. 1984)[1].

Defendants' argument fails because Plaintiff seeks injunctive relief. As such, sovereign immunity has been waived pursuant to *Ex parte Young*, 209 U.S. 123 (1908)[2]. It is therefore impossible that the facts on the face of the complaint establish sovereign immunity as a valid affirmative defense. *Id.* See also *Garcia-Bengochea*, 407 F.Supp.3d at 1287-88.

Furthermore, the Supreme Court confirmed that *Ex parte Young* allows a federal court to hear a lawsuit for injunctive relief against officials, and that sovereign immunity is in fact an affirmative defense. *Virginia Office for Protection and Advocacy v. Stewart,* 563 U.S. 247, 254-57 (2011); *Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 490 n.20 (1983) (citing H.R.Rep. No. 94–1487, at 17 "sovereign immunity is an affirmative defense that must be specially pleaded").

To the point, Defendants must wait until their Answer to raise sovereign immunity as an affirmative defense. As such, Defendants' argument to dismiss based on sovereign immunity is not meritorious and does not support a stay of discovery.

---

[1] "[U]nder Rule 12(b)(6), a complaint may be dismissed based on an affirmative defense only where the defense "clearly appears on the face of the complaint.""; see also *Begay v. United States*, 188 F.Supp.3d 1047, 1071 (D.N.M. 2016) (citing *Miller v. Shell Oil Co.,* 345 F.2d 891, 893 (10th Cir. 1965) "[u[nder [FRCP] Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.").

[2] "The answer to all this is the same as made in every case where an official claims to be acting under the authority of the State. The act to be enforced is alleged to be unconstitutional, and if it be so, the use of the name of the State to enforce an unconstitutional act to the injury of complainants is a proceeding without the authority of and one which does not affect the State in its sovereign or governmental capacity. It is simply an illegal act upon the part of a state official in attempting by the use of the name of the State to enforce a legislative enactment which is void because unconstitutional."

*Ex parte Young*, 209 U.S. 123, 203, 28 S. Ct. 441, 471 (1908)

## II.      NO GOOD CAUSE EXISTS FOR A STAY OF DISCOVERY

Defendants argue good cause exists to stay discovery because Counts I and III should be dismissed for lack of subject matter jurisdiction as the Controlled Substances Act (CSA), 21 U.S.C. § 801 et seq., grants exclusive jurisdiction to the court of appeals over Plaintiff's challenge to the termination of his DEA registration.  Defs.' Mot. to Stay Disc. 3.

Defendants incorrectly maintain the Controlled Substances Act grants exclusive jurisdiction over Plaintiff's challenge to the termination of his registration to the courts of appeals—not the district courts.   Defendants improperly characterize the termination of Plaintiff's DEA registration as a final agency action.  Defendants' actions in coercing Plaintiff to surrender his DEA registration certificate create a cause of action for injunctive relief which is separate, distinct and independent of 21 U.S.C. § 877.  There was no decision-making process which led to final agency action, only Defendants' bad acts.  Where there is no final agency action, Plaintiff has no obligation to seek judicial recourse under the CSA.

Furthermore, Plaintiff also filed a new application for a new DEA registration, which is a separate and independent action from the involuntary surrender of his registration certificate pursuant to Form 104[3]. Id. Compl. ¶¶ 42-43. Since Plaintiff filed his new application, the DEA has refused to issue a decision, and instead, no agency action has been taken.  Plaintiff has been met with an unreasonable wait and delay. Soon, on January 4, 2022, thirteen months will have passed since Plaintiff filed his new application for a new DEA registration certificate.  In effect, by refusing to deny his application, the DEA has stymied Plaintiff's ability to seek redress.

---

[3] On December 4, 2020, Dr. Morales re-applied for his DEA registration relying upon statements made by Defendants JESSENIA DIAZ, NICOLAS O. D'ARPINO and JOHN DOE on November 18, 2020 that they would quickly approve his application for a new DEA Registration.  Compl. at ¶ 42.

Defendants' argument to dismiss based on Plaintiff's failure to exhaust his administrative remedies is not meritorious and does not support a stay of discovery.

### III.   NO ENLARGEMENT OF THE SCOPE OF DISCOVERY

Defendants cite *Chudasma* in support of their argument that discovery should be stayed until all legal questions in their Motion to Dismiss are resolved, so that potentially unnecessary costs associated with discovery are not wasted if Counts I and III are dismissed.  Defs.' Mot. to Stay Disc. 3-4.  In *Chudasma,* the Court noted that claims associated with valid legal questions should be stayed if they would unduly enlarge the scope of discovery. *Id.* at 1368.  In this case, the Court has subject matter jurisdiction over Counts I and III of Plaintiff's complaint, and because the same discovery involved in Count II is necessary under Counts I and III of Plaintiff's complaint, discovery under Count II is not unduly burdensome (i.e., it would not enlarge the scope of discovery).  Defendants' argument is not meritorious and does not support a stay of discovery.

### IV.   QUALIFIED IMMUNITY CAN ONLY BE PLEAD AS AFFIRMATIVE DEFENSE IN DEFENDANTS' ANSWER

Defendants argue that good cause exists to stay discovery because qualified immunity bars Count II of Plaintiff's complaint, which contains a *Bivens* claim brought against Diversion Investigators Jessenia Diaz and Nicolas D'Arpino in their individual capacities. Defs.' Mot. to Stay Disc. 4.  To support their claim, Defendants argue that the Supreme Court has held that where a defendant raises the qualified immunity defense, "the district court should resolve that threshold question before permitting discovery. *Id*.  Defendants also claim that the Eleventh Circuit has repeatedly applied the Supreme Court's guidance on qualified immunity and the

imperativeness of delaying discovery when qualified immunity is raised in a Motion to Dismiss. *Id.*

Defendants' arguments suggest that whenever qualified immunity is raised – even improperly – a Court should stay discovery. However, the Supreme Court has held that because qualified immunity is an affirmative defense, like sovereign immunity, it may only be raised in a Motion to Dismiss where immunity appears on the face of the complaint. *Jones v. Bock,* 549 U.S. 199, 215 (2007). As Plaintiff's Memorandum in Opposition to Defendants' Motions to Dismiss demonstrates, qualified immunity is not apparent on the face of Plaintiff's complaint because he has alleged a valid *Bivens* claim. *See* Pl.'s Mot. in Opp'n to Defs.' Mot. to Dismiss 10-19.

In opposition of Plaintiff's *Bivens* claim, Defendants argue that, under the facts alleged, Plaintiff was not seized as understood under the Fourth Amendment. Defs.' Mot. to Dismiss. 15-18. However, factual contentions like these (i.e., whether Plaintiff was seized) are questions of fact and may not be used in a Motion to Dismiss Plaintiff's complaint.

As such, Defendants' argument to dismiss based on qualified immunity is not meritorious and does not support a stay of discovery.

## CONCLUSION

When an adverse party would suffer significant prejudice from a stay of discovery, it should not be granted. See *Mesa v. Pennsylvania Higher Education Assistance,* 2017 WL 3438914, at *2 (S.D. Fla. 2017) (citing *Spencer Trask Software and Information Services, LLC v. Rpost International Limited*, 206 F.R.D. 367 (S.D.N.Y. 2002) (holding good cause for discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party); see also *Bocciolone v. Solowsky,* 2008 WL 2906719, at *2 (S.D. Fla.

2008) (holding "[i]n evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery.'"); See Defs. ['] Mot.to Stay Disc. 2-3 ("[i]n deciding whether a stay is appropriate, courts take a "preliminary peek" at the motion to dismiss and balance "the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." (citation omitted)).

Defendants' have failed to show necessity, appropriateness, and reasonableness of a stay which would outweigh the continuing harm and prejudice suffered by Plaintiff.

The minimal burden and limited expense of discovery does not outweigh the significant economic harm Plaintiff has suffered and would continue to suffer if a stay of discovery is granted.

For the forgoing reasons, the Defendants' Motion to Stay Discovery should be denied.

Respectfully submitted,

**CHAPMAN LAW GROUP**
701 Waterford Way, Suite 340
Miami, FL 33126
(305) 712-7177

/s/ *Jonathan Meltz*
**JONATHAN MELTZ**
Florida Bar No. 096504
jmeltz@chapmanlawgroup.com

**MATTHEW PELCOWITZ**
Florida Bar No. 1031708
mpelcowitz@chapmanlawgroup.com

**Counsel for Plaintiff**