UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-22388-GAYLES/TORRES

**OSMIN A. MORALES, M.D.**,

    Plaintiff,

v.

**UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, et al.**,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court upon Defendants'[1] Motions to Dismiss (the "Motions") [ECF Nos. 13, 15]. The Court has considered the Motions and the record and is otherwise fully advised. For the reasons that follow, the Motions are granted.

### BACKGROUND[2]

Plaintiff Dr. Osmin A. Morales is a physician licensed to practice in Florida. On January 27, 2019, Dr. Morales was issued a DEA registration pursuant to 21 U.S.C. § 822 that allowed him to distribute and dispense controlled substances schedules II through V (the "DEA Registration"). His DEA Registration was set to expire on January 31, 2022. On November 18, 2020, Defendants Jessenia Diaz, Nicolas O. D'Arpino and John Doe[3] (the "Individual Defendants") appeared

---

[1] Defendants are the United States Drug Enforcement Administration ("DEA"); Merrick Garland, the U.S. Attorney General, in his official capacity; Anne Milgram, Administrator of the DEA, in her official capacity; William P. Stockmann, DEA Diversion Program Manager, in his official capacity; Jessenia Diaz, in her individual capacity; and Nicolas O. D'Arpino, in his individual capacity.

[2] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint, [ECF No. 1], as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

[3] In response to the Motions, Plaintiff identified John Doe as DEA Task Force Officer Phillipe Archer stating he learned the identity on September 27, 2021, from Assistant United States Attorney Latoya Brown. [ECF No. 18 at 3 n.1]. However, there is no indication in the record that Officer Archer has been served, and it has been more than

unannounced at Dr. Morales' home, and without knocking, ringing the doorbell, or invitation, they entered his home. The Individual Defendants wore prominently displayed DEA badges and "at least one Defendant may have been armed." [ECF No. 1 at ¶ 22].

The Individual Defendants went to Dr. Morales' living room where his wife and son were and demanded to see Dr. Morales. Dr. Morales, who was in his bedroom, rushed to the living room where he was surrounded by the Individual Defendants. The Individual Defendants did not introduce themselves or explain the reason for their visit. Instead, they accused Dr. Morales of illegally dispensing controlled substances and questioned him about selling controlled substances to patients outside the office. The Individual Defendants told Dr. Morales that they had enough evidence to immediately arrest him and that if he did not sign DEA Form 104 (Surrender for Cause of DEA Certificate of Registration) (the "Form"), they would take him to jail. Dr. Morales told the Individual Defendants that he wanted to call his attorney before signing the Form, but they said he could not and that if he did not immediately sign the Form, they would take him to jail. Dr. Morales then stated he did not want to sign the Form because he did nothing wrong. The Individual Defendants assured him that if he did sign, it would indicate good faith and they would quickly approve a new DEA registration if he applied. Dr. Morales signed the Form.

In relevant part, the Form stated as follows:

In view of my alleged failure to comply with the Federal requirements pertaining to controlled substances or list I chemicals, and as an indication of my good faith in desiring to remedy any incorrect or unlawful practices on my part, I hereby surrender for cause my Drug Enforcement Administration (DEA) Certificate of Registration.

---

ninety days since this case was filed. Accordingly, the John Doe Defendant is dismissed from this action without prejudice.

\* \* \*

>With the understanding that I am not required to surrender my DEA Certificate of registration, I freely and under no duress, implied or expressed, execute this document and choose to take the action described herein.

[ECF No. 1 at ¶ 30]. According to Dr. Morales, he did not freely sign the Form and he was not read his *Miranda* rights.

On November 25, 2020, Dr. Morales sent a letter to Defendant William P. Stockmann, the DEA Diversion Program Manager for Miami, Florida, attempting to revoke and rescind the Form. Stockmann refused the request and did not return Dr. Morales' DEA Registration. On December 4, 2020, Dr. Morales re-applied for a DEA registration. That application remains pending, though Diaz has informed Dr. Morales' counsel that she will not approve the application.

On June 30, 2021, Dr. Morales filed the instant action. He brings the following causes of action: (1) declaratory judgment against the DEA and the official capacity Defendants (Counts I and III); and (2) a *Bivens*[4] claim against Diaz and D'Arpino (Count II).[5] In response, Defendants filed the instant Motions.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to

---

[4] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
[5] The Complaint also cites to but makes no explicit allegation under 42 U.S.C. § 1983. *See* [ECF No. 1 at ¶¶ 1, 6]. Moreover, § 1983 does not pertain to actions of federal officers acting under federal law. *See Bernard v. Calejo*, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998). Thus, any § 1983 claim must be dismissed.

28 U.S.C. § 1332(a)." *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (per curiam) (citation omitted). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction . . . ." *Kokkonen*, 511 U.S. at 377 (citations omitted).

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) can be based on facial or factual challenge to the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). On a facial challenge, a court is required only to determine if the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction . . . ." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam)). In doing so, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[6] By contrast, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered." *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence*, 919 F.2d at 1529). On a factual challenge, "no presumptive truthfulness attaches to [the] plaintiff's allegations," *Lawrence*, 919 F.2d at 1529 (quoting *Williamson*, 645 F.2d at 413), and the plaintiff bears the burden to prove the facts sufficient to establish subject matter jurisdiction, *see OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[6] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

## DISCUSSION

### I. Counts I and III

Defendants argue that Counts I and III for declaratory judgment must be dismissed for lack of subject matter jurisdiction. Specifically, Defendants bring a facial attack, arguing that the Complaint fails to plead a waiver of sovereign immunity. The Court agrees.

The United States and its agencies and officers in their official capacity are immune from suit except to the extent that they consent to be sued. *Ishler v. Internal Revenue*, 237 F. App'x 394, 397 (11th Cir. 2007) (per curiam). "The terms of the statute waiving immunity define the court's jurisdiction to entertain the suit, and such statutes are strictly construed . . . Therefore, courts may entertain only those suits that are fully in accord with the provisions of the statute." *Lawrence v. United States*, 597 F. App'x 599, 603 (11th Cir. 2015) (per curiam) (citation omitted). Furthermore, "the plaintiff bears the burden of establishing subject matter jurisdiction . . . and, thus, must prove an explicit waiver of immunity." *Ishler*, 237 F. App'x at 398.

The statutes pled in the Complaint include the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. §§ 1331 and 1343. However, these statutes do not waive sovereign immunity. *See Kight v. U.S. Dist. Ct., N. Dist. of Georgia*, 681 F. App'x 882, 884 n.4 (11th Cir. 2017) (per curiam) ("[T]he Declaratory Judgments Act . . . does not waive immunity[.]"); *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 843 (11th Cir.) (per curiam), *cert. denied*, 141 S. Ct. 554 (2020) (holding that statutes such as 28 U.S.C. §§ 1331 and 1343 do not waive sovereign immunity). And Plaintiff's argument that his claims are not barred because he also seeks injunctive relief fails because "he must still establish a valid waiver of sovereign immunity before his claims seeking these types of relief from the federal government may go forward." *Kight*, 681 F. App'x at 884 (affirming dismissal of appellant's claims because he failed to identify a waiver of sovereign immunity). Thus, the Court lacks subject matter jurisdiction over Counts I and III. In light of the Court's findings, it need not address Defendants' other arguments pertaining to these counts.

## II.     Count II

In Count II, Plaintiff asserts a *Bivens* action for violations of his Fourth and Fifth Amendment rights against Diaz and D'Arpino.[7] As alleged, the Complaint fails to state a claim. In a *Bivens* action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Yet throughout the Complaint, Plaintiff groups the Individual Defendants' actions together. For example, Plaintiff alleges certain affirmative actions taken by the Individual Defendants: (1) telling Plaintiff "that he could not consult with any attorney[;]" (2) telling Plaintiff "they would take him to jail[;]" (3) telling Plaintiff "they would quickly approve" a new DEA registration; and (4)

---

[7] This count was also brought against the John Doe Defendant, who is dismissed as set forth *supra*.

questioning Plaintiff "about selling controlled substances to patients outside the office and prescribing controlled substances to patients without seeing them." [ECF No. 1 at ¶¶ 28, 29, 32, 33, 35]. Based on the allegations, it is unclear which of the Individual Defendants took which specific action. Thus, the claims are insufficient as pled.

Moreover, the Complaint is an impermissible shotgun pleading. First, Count II improperly incorporates each factual allegation without properly identifying which fact applies to the claim. Indeed, what's left is a conclusory recitation of the elements and a similar group pleading problem as raised *supra*. Second, Count II improperly commingles multiple claims (i.e., an action under the Fourth Amendment and an action under the Fifth Amendment) in the one count. *See Bardelas v. City of Doral, Fla.*, No. 20-CV-24894, 2021 WL 2531074, at *4 (S.D. Fla. Apr. 15, 2021) (dismissing complaint as a shotgun pleading where it incorporated each factual allegation into each count and commingled various claims). Thus, Count II is dismissed. In light of the Court's findings, it need not address Defendants' other arguments pertaining to this count.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendants' Motions to Dismiss, [ECF Nos. 13, 15], are **GRANTED**.
2. Counts I, II, and III are **DISMISSED without prejudice**.
3. Plaintiff may request leave to file an amended complaint on or before September 19, 2022.[8]

---

[8] If Plaintiff wishes to amend his Complaint, he must request leave to file an amended complaint in a properly filed motion before the Court. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (citation omitted)); *see also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam) (stating that "[f]iling a motion is the proper method to request leave to amend a complaint," and in moving for leave to amend, a plaintiff must comply with Federal Rule of Civil Procedure 7(b) by either "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment").

4. This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of August 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE